## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK BJ MCCANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-699 NAB |
| | ) | |
| KILOLO KIJAKAZI[1], | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Patrick Bailey-Jacob McCance's appeal regarding the denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 8.) The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence.  Based on the following, the Court will reverse the Commissioner's decision and remand for further proceedings.

## I.     Background

On September 19, 2017, McCance applied for DIB and SSI, alleging that he had been unable to work due to disability since October 4, 2015. (Tr. 18, 156, 160.) McCance alleged

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

disability due to a heart problem, anxiety, and depression. (Tr. 190.) His application was initially denied and he filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 86, 93.) On April 16, 2019, the ALJ held a hearing on McCance's claim. (Tr. 31-63.) McCance was represented by counsel at the hearing, and an impartial vocational expert testified. *Id.*

In a decision issued on May 29, 2019, the ALJ found McCance was not disabled as defined in the Act from the alleged onset date through the date of the decision. (Tr. 26.) On August 14, 2019, McCance filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council. (Tr. 153-55.) On December 10, 2019, while the claim was pending before the Appeals Council, McCance submitted additional evidence, namely a Medical Source Statement-Mental dated November 18, 2019. (Tr. 7-10.) On May 21, 2020, the Appeals Council denied McCance's request for review, and adopted the ALJ's decision in full. (Tr. 1-3.)

## II.    Standard for Determining Disability Under the Act

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

2

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled.  20 C.F.R. § 404.1520(a)(4)(v).

### III.   The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found that McCance met the insured status requirements of the Social Security Act through June 30, 2021, and that he had not engaged in substantial gainful activity since October 4, 2015, the alleged onset date. (Tr. 20.) Next, the ALJ found that McCance has the following severe impairments: status post repair of atrial septal defect, anxiety, panic disorder with agoraphobia, cannabis abuse, and major depressive

disorder. The ALJ found that McCance's obesity and hypertension were not severe medical impairments. (Tr. 21.)

The ALJ determined that McCance did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ also determined that McCance had the residual functional capacity to perform light work with additional limitations. Specifically, the ALJ found that

> he can never work at unprotected heights and never around moving mechanical parts. He can be exposed no more than occasionally to humidity and wetness, dust, odors, fumes, and pulmonary irritants, extreme cold, extreme heat, and vibrations. He is able to perform simple, routine and repetitive tasks in an environment with few changes in setting or duties. He can have occasional contact with coworkers and supervisors. He should have no contact with the public.

(Tr. 22.) The ALJ found that McCance was unable to perform any past relevant work. (Tr. 25.) McCance was 28 years old on the alleged disability onset date and considered a younger individual age 18-49, and he has a marginal education and is able to communicate in English. The ALJ determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. (Tr. 25.) Based on the foregoing, the ALJ found that there are jobs that exist in significant numbers in the national economy that McCance can perform, including routing clerk (Dictionary of Occupational Titles (DOT) No. 222.687-022, light exertion level, approximately 41,326 jobs in the national economy), price marker (DOT No. 209.587-034, light exertion level, approximately 305,150 jobs in the national economy), and photocopy machine operator (DOT No. 207.685-014, light exertion level, approximately 15,524 jobs in the national economy). (Tr. 26.) Therefore, the ALJ concluded that McCance was not disabled, as defined in the Act, from October 4, 2015 through June 3, 2019. (Tr. 26.)

IV.    **Standard for Judicial Review**

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Pate-Fires*, 564 F.3d at 942.  *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012).  However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings,

the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   Discussion

McCance raises two issues. First, McCance argues that the ALJ failed to fully and fairly develop the record because the record does not contain medical evidence addressing McCance's ability to function in the workplace. Second, McCance argues that in light of the evidence submitted to the Appeals Council, the ALJ's decision is contrary to the weight of the evidence *currently* in the record, including the evidence submitted after the ALJ issued her denial.

Defendant responds that the ALJ properly evaluated the evidence in a manner consistent with the SSA's regulations and policies, included all supported limitations in the RFC, and substantial evidence supports the ALJ's determination. Defendant further argues that the new evidence is insufficient to meet McCance's burden of proof.

Because reversal is required on McCance's second point of error, the Court need not address the first point of error. However, the Court identifies the three medical opinions in the record for context: First, on November 28, 2017, state agency reviewing physicians David Marty, M.D., and Paul Midden, Ph.D. reviewed the medical records available, but found that McCance and his counsel "failed to return lay forms" and the evidence was "insufficient to determine current impairment severity." (Tr. 68-70.) The ALJ stated she "did not consider the opinion" of Dr. Marty or Dr. Midden because they found insufficient evidence. (Tr. 24.) At the time of state agency review, McCance had not begun treatment for his anxiety and depression. The third opinion was the opinion of treating psychiatrist Bhaskar Gowda, M.D. The ALJ considered Dr. Gowda's

6

opinion but found it "unpersuasive." (Tr. 24.) Dr. Gowda's opinions and surrounding treatment are the crux of McCance's argument on judicial review.[2]

### A.     The ALJ's Consideration of Dr. Gowda's Opinion

At his hearing before the ALJ on April 16, 2019, McCance testified that he began consistent treatment for his depression in or around September 2018. (Tr. 42.) On September 18, 2018, McCance began treatment with Compass Health Network. (Tr. 470.) At that time, Christina Herter, M.Ed, PLPC confirmed that McCance fit the diagnostic criteria for major depressive disorder, recurrent, severe, without psychotic features. (Tr. 474.) McCance reported sleep disturbances, weight gain, feelings of worthlessness, guilt, and passive death thoughts and a past suicide attempt. M.Ed. Herter wrote that "[c]lient's depression has caused clinically significant distress in client's life, and has diminished his ability to work, as well as causing distress in his interpersonal relationships." (Tr. 474.) After additional sessions with M.Ed. Herter, McCance saw Dr. Gowda on November 8, 2018. (Tr. 481.) Dr. Gowda noted McCance had unspecified depressive disorder with an onset age of 27 years old and major depressive disorder with an onset age of 31 years old. (Tr. 483.) Dr. Gowda prescribed Vistaril and trazodone hydrocholoride and started McCance on Trintellix. (Tr. 484.) At a January 10, 2019 visit, Dr. Gowda diagnosed unspecified depressive disorder, major depressive disorder, panic disorder with agoraphobia and moderate panic attacks, and marijuana abuse. (Tr. 487.) The record reflects that McCance continued to see Dr. Gowda monthly until at least May 9, 2019, the most recent treatment in the record. (Tr. 522.)

On December 7, 2018, Dr. Gowda wrote a letter "To Whom It May Concern" and stated:

> Patrick is seen under my care at Pathways Community Behavioral Health. This client is diagnosed with Major Depressive Disorder and is not currently completely

---

[2] The undersigned notes that McCance does not directly challenge the ALJ's determination with regard to McCance's physical RFC or the development of the record with respect to any physical limitations. The ALJ found that McCance was capable of performing a range of light work with additional limitations. The record supports this finding, and McCance has failed to introduce any evidence or argument supporting the presence of greater physical limitations.

stabilized on his medications to return to work at this time. This client should be excused from work until my team and I can find a medication regimen that will stabilize this client to return to work.

(Tr. 463.)

A few days after the April 16, 2019 hearing, Dr. Gowda wrote another letter "To Whom It

May Concern." In this letter dated April 19, 2019, Dr. Gowda stated:

Patrick is seen under my care at Compass Health in Sullivan, Mo. This client has been diagnosed with Major Depressive Disorder, recurrent episode with anxious distress and Panic disorder with agoraphobia and moderate panic attacks. If you have any questions or concerns please contact my office…"

(Tr. 520.) Dr. Gowda's April 16, 2019 letter and other medical records from Compass Health

Network were provided after the hearing before the ALJ. (Tr. 505-526.) The ALJ found they did

not meet the requirements of 20 C.F.R. § 416.1435(b), but the ALJ nevertheless exercised her

discretion to consider the supplemental evidence and make it part of the record. (Tr. 18.)

In the ALJ's decision, she stated:

I considered the opinion by Bhaskar Gowda, M.D., but found it unpersuasive (Exhibit 6F). He notes that the claimant was not completely stabilized on his medication and that he should be "excused from work" until stabilized. His opinion was vague, but was supported by the treatment records, which indicate continued psychological symptoms. The undersigned interpreted his statement that the claimant should be "excused from work" to represent Dr. Gowda's opinion that the claimant was not capable of any work and this is a question reserved for the commissioner.

(Tr. 24.)

**B.    Dr. Gowda's New Medical Source Statement**

After the ALJ issued her decision on May 29, 2019, McCance requested review by the

Appeals Council and submitted additional evidence, namely a medical source statement dated

November 18, 2019. (Tr. 7-10.)

Where a claimant submits new evidence and "the Appeals Council considers the new evidence but declines to review the case, [federal courts] review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision." *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). In *Riley v. Shalala*, 18 F.3d 619 (8th Cir. 1994), the Eighth Circuit noted that a reviewing court:

> must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court.

*Id.* at 622.

Here, the Appeals Council denied review and stated that the medical source statement "does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." (Tr. 2.) Because the Appeals Council considered the evidence but declined to review the case, Dr. Gowda's medical source statement (Tr. 8-10) shall be considered in determining whether substantial evidence in the current administrative record supports the ALJ's decision.

The new evidence reflects that on September 26, 2019, more than three months after the ALJ's June 3, 2019 decision, McCance's attorney reached out to Dr. Gowda to request that he complete a form titled "Medical Source Statement-Mental." (Tr. 8.) Dr. Gowda signed and dated the form on November 18, 2019, and it was submitted to the Appeals Council on December 10, 2019. (Tr. 7, 10.)

In the Medical Source Statement, Dr. Gowda answers, in writing, questions from McCance's attorney. (Tr. 8-10.) Dr. Gowda wrote that McCance has been diagnosed with schizoaffective disorder and major depressive disorder, recurrent with obvious distress. He wrote that McCance "continues to be symptomatic and has residual symptoms." (Tr. 8.) McCance has

9

been paranoid about his family being in danger, and he continues to hear voices despite being on Invega injections. Where the form asks to rate the severity of the patient's impairment in the areas of understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself; Dr. Gowda circled "seriously limited, but not precluded means the ability to function in this area is seriously limited and less than satisfactory, but not precluded in all circumstances." Next to understanding, remembering or applying information he wrote "OK." Next to interacting with others, he wrote "Poor." Next to concentrating, persisting or maintaining pace, he wrote "poor." He did not fill in the blank next to adapting or managing one's self. (Tr 9.) In the section asking for the reasons for his ratings, Dr. Gowda wrote "patient continues to be paranoid and hear voices on regular basis. His OCD and anxiety is still worse now." (Tr. 9.) When asked if the patient would be expected to miss work each month secondary to medical conditions or treatment and the cause for any missed work, Dr. Gowda left the questions blank. However, he did indicate that McCance would be likely to miss at least two days of work per month on average, despite not providing an explanation for the cause of the missed days. (Tr. 9.) Dr. Gowda also wrote that McCance's symptoms would lead to him being off-task approximately 80% of an 8-hour work day, and that he would need unscheduled breaks because he cannot function indefinitely. Where the form asks "What is the earliest date that the above limitations apply?" Dr. Gowda wrote "ongoing." (Tr. 10 (emphasis in original)).

The undersigned finds that when Dr. Gowda's Medical Source Statement is considered, it undermines the ALJ's decision. Dr. Gowda's Medical Source Statement was completed nearly six months after the ALJ issued a decision and indicated the limitations were "ongoing" rather than identifying the earliest date they applied as the form requests. (Tr. 10.) Nevertheless, McCance's medical records during the relevant time period provide support for Dr. Gowda's findings in the

Medical Source Statement. Notably, although the ALJ found Dr. Gowda's December 7, 2018 letter vague and unpersuasive, she stated that the opinion was supported by the treatment records. (Tr. 24.) If the ALJ finds Dr. Gowda's Medical Source Statement to be persuasive evidence, it will likely impact evaluation of McCance's RFC and/or evaluation of the jobs he can perform. Under these circumstances, the undersigned concludes that the new evidence undermines the ALJ's decision, and remand is appropriate so that the ALJ has the opportunity to determine the Medical Source Statement's relevance to McCance's claim, to further develop the medical record, if necessary, and to determine whether or not benefits should be awarded. *See, e.g., Rita H. v. Saul*, No. 4:18 CV 1605 JMB, 2019 WL 3322981, at *10 (E.D. Mo. July 24, 2019) (remanding to the ALJ to consider new and material medical questionnaire to determine the relevance to Plaintiff's claim); *Sluka v. Colvin,* No. 4:13 CV 948 ACL, 2014 WL 4814687, at *14 (E.D. Mo. Sept. 24, 2014) (remanding to the ALJ to consider relevant new evidence, formulate a new RFC, and further develop the evidence, if necessary, where new evidence did not support the ALJ's RFC determination).

## IV.    Conclusion

The Court finds that this case should be remanded to allow the ALJ the opportunity to consider new and material evidence unavailable to the ALJ at the time of her decision. Upon reconsideration of appropriate evidence, the ALJ may well determine that McCance is not disabled. The Court is aware that upon remand, the ALJ's decision as to non-disability may not change after properly considering all evidence of record and undergoing the required analysis, but the determination is one the Commissioner must make in the first instance. *See Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (when a claimant appeals from the Commissioner's denial of benefits and the denial is improper, out of an abundant deference to the ALJ, the Court remands the

case for further administrative proceedings); *Leeper v. Colvin*, No. 4:13-CV-367 ACL, 2014 WL 4713280 at *11 (E.D. Mo. Sept. 22, 2014) (ALJ duty to make disability determination).

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **GRANTED** in part and **DENIED** in part. (Docs. 1, 16.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2022.